# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ‖ | |
| Plaintiff, | ‖ | No. CR05-4059-MWB |
| vs. | ‖ | **DETENTION ORDER** |
| MICHAEL LEE LOISEL, | ‖ | |
| Defendant. | ‖ | |

On May 3, 2005, this matter came on for detention hearing. Assistant U.S. Attorney Kevin Fletcher appeared on behalf of the plaintiff. The defendant Michael Lee Loisel appeared in person with his attorneys, Harold Widdison and Matthew Metzgar. The Government offered the testimony of Sergeant Bluff Police Chief Dave McFarland. The Government offered one exhibit, consisting of copies of State court documents from Loisel's prior conviction, and related documents.

The court must determine whether any condition or combination of conditions will reasonably assure Loisel's appearance as required, as well as the safety of any other person and the community, in deciding whether to grant the Government's motion for detention. 18 U.S.C. § 3142(e). A defendant may be detained based on a showing of either dangerousness or risk of flight; it is not necessary to show both. *United States v. Fortna*, 769 F.2d 243 (5th Cir. 1985), *cert. denied*, 479 U.S. 950, 107 S. Ct. 436 (mem.), 93 L. Ed. 2d 385 (1986); *United States v. Garcia*, 801 F. Supp. 258, 260 (S.D. Iowa 1992).

The court is to presume that no condition or combination of conditions will reasonably assure the appearance of Loisel as required and the safety of the community

if the court finds there is probable cause to believe Loisel committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act, 21 U.S.C. § 801 *et seq.* This presumption is subject to rebuttal by Loisel. 18 U.S.C. § 3142(e); *see* 18 U.S.C. § 3142(f)(1)(C). The probable cause element of section 3142(e) which triggers the rebuttable presumption of risk of flight and danger to the community may be established through evidence presented at the detention hearing of an offense which is subject to the rebuttable presumption. *See United States v. Apker*, 964 F.2d 742, 744 (8th Cir. 1992); *United States v. Dorsey*, 852 F.2d 1068, 1069 (8th Cir. 1988). A grand jury's indictment provides the probable cause required under 18 U.S.C. § 3142(e) to trigger the rebuttable presumption of risk of flight and danger to the community. *See United States v. Garcia*, 801 F. Supp. 258 (S.D. Iowa 1992) (citations omitted).

In the present case, the evidence indicates Loisel has a history of being unwilling or unable to comply with the law. While on probation from a prior conviction for the sexual assault of a thirteen-year-old girl, Loisel, on this evidence, was having sex with and videotaping a fifteen-year-old girl. He kept the videotape despite the victim's request that it be destroyed. He was noncompliant with the terms of a sex offender treatment program. He has had numerous encounters with law enforcement for a variety of traffic offenses and marijuana-related offenses. Further, Loisel has failed to offer any evidence to rebut the presumption that he would be a danger to the community if released.

Notably, during his argument that Loisel should be released pending trial, defense counsel argued Loisel has not been indicted properly in federal court, raising the issue that the statute under which Loisel has been charged -- 18 U.S.C. § 2252A((a)(5)(B) -- may be unconstitutional as applied to these facts. Counsel argued the only federal nexus alleged in the Indictment is that the video camera and video cassette Loisel used to

videotape the victim were manufactured outside the State of Iowa. In support of his argument, counsel cited the following cases: *United States v. Matthews*, 300 F. Supp. 2d 1220 (N.D. Ala. 2004); *United States v. Maxwell*, 386 F.3d 1042 (11th Cir. 2004); and *United States v. Smith*, 402 F.3d 1303 (11th Cir. 2005). The court has reviewed these cases which, in the absent of Eighth Circuit precedent, would be quite favorable to Loisel's position. However, the Eighth Circuit Court of Appeals has ruled otherwise, holding application of the statute in question to the types of activities alleged in this case does not exceed Congress's constitutional authority to regulate interstate and foreign commerce. *See United States v. Mugan*, 394 F.3d 1016 (8th Cir. 2005); *United States v. Hampton*, 260 F.3d 832 (8th Cir. 2001); *United States v. Hoggard*, 254 F.3d 744 (8th Cir. 2001). *See also United States v. Riccardi*, ___ F.3d ___, 2005 WL 896430 (10th Cir. Apr. 19, 2005) (same). Accordingly, the court finds Loisel's argument fails to show weakness of the Government's case sufficient to justify placing him on pretrial release, particularly in light of the other evidence that Loisel is a danger to the community. The court finds the Government has proved by clear and convincing evidence that Loisel is a danger to the community, and that no conditions of release would ensure the safety of the community if he were placed on pretrial release.

The court does not find Loisel to be a flight risk, and finds the Government has failed to so prove by a preponderance of the evidence.

The court orders as follows:

1. Loisel is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Attorney General shall afford Loisel reasonable opportunity for private consultation with counsel while detained.

3. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Loisel to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. If a "review" motion for revocation or amendment is filed, pursuant to 28 U.S.C. § 3145(a) or (b), the party requesting a change in the original order *must*:

    (a) Attach a copy of the release/detention order to the appeal;

    (b) Promptly secure a transcript.

5. There is *no automatic stay* of this Order. Therefore, Loisel must request such relief from the court.

**IT IS SO ORDERED.**

**DATED** this 3rd day of May, 2005.

PAUL A. ZOSS
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT